GUIDRY, Judge.
The defendant, Devone Davis, was charged by bill of information with one count of simple burglary, a violation of La.R.S. 14:62, and two counts of felony theft, violations of La.R.S. 14:67. Pursuant to a plea bargain agreement, the defendant entered a plea of guilty to the crime of simple burglary and the State dismissed the two counts of felony theft. The defendant was subsequently sentenced on the charge of simple burglary to serve four years at hard labor. Defendant appeals urging only that the sentence imposed is excessive.
Sentence review for excessiveness is mandated by La. Const, art. 1, section 20. When the defendant properly presents the issue for consideration (La.C.Cr.P. Art. 844), the sentence imposed is reviewed in light of certain principles, briefly summarized as follows: a sentence, although within the statutory limit, may violate a defendant’s right against excessive punishment; punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime; the sentence must be particularized to the individual defendant in accordance with the guidelines set forth in La.C. Cr.P. Art. 894.1 and in light of all circumstances militating for incarceration and those mitigating against such punishment; and, the sentence imposed by the trial court should not be set aside as excessive absent a clear showing of abuse of discretion. These principles are settled such that they do not require citation of authority.
In the instant case, the trial court, after receipt and consideration of a pre-sentence report, sentenced the defendant as afore-stated, stating for the record, in pertinent part, as follows:
“... I will note that although no harm other than economic loss resulted in this matter. This instance and all other burglaries are attended by the threat of serious personal harm if they are discovered during commission. That might be a logical solution to some of the burglaries is that well armed victims discover the perpretrators. This defendant likely contemplated the potential of such harm. There’s every reason to believe that he did. Certainly provocation is not a factor. This was a willful intentional act calculated to yield personal gain. I find no grounds that I believe excuse or justify his conduct nor do I find that the victim in any manner induced or facilitated the commission of this act. I further find that the victim has not been paid any compensation for his losses. In considering Mr. Davis’ past, I find that Mr. Davis has not lead a law abiding life. In addition to a conviction for driving while *1315 intoxicated in this Court on August 18, 1983 and and (sic) conviction for trespassing in the U.S. Magistrate’s Court. On August 23, 1983, the defendant was convicted of theft in the 33th (sic) Judicial District Court of Allen Parish for which he received a suspended sentence and probation. His probation being revoked as the result of a new felony conviction. On September 7,1977, the defendant was convicted in the 21st Judicial District Court in Livingston Parish, and was sentenced to serve one year at hard labor with the Department of Corrections concurrent with a sentence then in Allen Parish which was also for theft. February 12, 1985, he was again sentenced in the 33th (sic) Judicial District Court for theft to a term of two years with the Louisiana Department of Corrections. There is also in addition to the charge here, a theft charge pending at Fort Polk against him at this time in the Magistrate’s Court there. I do not find anything unique, unusual or unlikely to recur in the circumstances which'gave rise to the instant offense. The character and attitudes of this defendant as revealed to me by the information available to me seem to depict an individual who accepts his conduct as a norm. He has very little education, virtually no job skills and apparently even less ambition. In short, persons acquainted with him describe him as an habitual thief who will not work and persists in running around with unsavory company. He supports no persons and it appears very likely that he will commit other offenses in the absence of institutional treatment. I will note that this is a third felony conviction for him. Being the case, it’s the sentence of the Court that Mr. Davis serve four years at hard labor with the Louisiana Department of Corrections to be served consecutive to any sentences to which he is now subject.”
The above quoted reasons reflect that the learned trial judge gave meticulous consideration to the sentencing guidelines set forth in La.C.Cr.P. Art. 894.-1. When La.C.Cr.P. Art. 894.1 has been complied with, a sentence imposed within statutory limits should not be set aside in the absence of a clear abuse of the wide discretion accorded a trial judge. State v. Trahan, 425 So.2d 1222 (La.1983). Our careful review of this record reveals no abuse of the trial court’s much discretion.
For these reasons, the defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.